# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN BYRNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14-CV-1920 JAR |
| | ) |
| ARTHUR J. GALLAGHER & CO., and | ) |
| GALLAGHER BENEFIT SERVICES, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Arthur J. Gallagher & Co. and Gallagher Benefit Services' ("Gallagher") Motion to Stay. (Doc. No. 6) The motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**

On June 7, 20112, the parties entered into a Purchase Agreement whereby Plaintiff John Byrne ("Byrne") and his partner sold the assets of their company, Broker Benefit Services, LLC ("BBS"), to Gallagher. (Purchase Agreement, Doc. No. 7-1) The Purchase Agreement provided for partial payment of the purchase price at the conclusion of three years from the closing date based upon a specified calculation set out in Addendum I ("the Earnout"). (Complaint ("Compl."), Doc. No. 3 at ¶ 8; Purchase Agreement at 50-52)

At the same time, Byrne and Gallagher entered into a three-year Employment Agreement ending on May 31, 2015, unless earlier terminated, whereby Byrne became an employee of Gallagher. (Employment Agreement, Doc. No. 9-1) Pursuant to its terms, Byrne was to receive a base salary with additional compensation as calculated therein. If his employment was

1

terminated without cause, Byrne remained entitled to compensation and benefits otherwise payable. (Compl. at ¶ 14) If terminated for cause, his "entitlement to further compensation and benefits shall cease immediately, provided such termination for cause shall not effect any compensation or payments due … under the Purchase Agreement or Addendum I thereto." (Doc. No. 9-1, Section 5 C.)

The Employment Agreement also restricted Byrne for a period of time following the closing date of the asset purchase or after termination from engaging in certain activities, including competing directly or indirectly within a 25 mile radius of any client or prospective account, providing insurance or benefit services to BBS Division accounts or prospective accounts, or providing insurance or benefit services to Gallagher's accounts or prospective accounts. (Compl. at ¶ 20; Doc. No. 9-1 at 12-15)

Byrne alleges that at various times during his employment, he complained to his supervisor of certain practices he believed violated securities and insurance laws governing Gallagher. (Compl. at ¶ 15) He was terminated on June 17, 2014 for "attempted misappropriation of commission payments payable to Gallagher in connection with a specific client matter." (Id. at ¶ 17) Byrne alleges this reason was a pretext to silence his criticism and avoid paying him the amounts due him under the Purchase Agreement and Employment Agreement, including salary, commissions, benefits, and the Earnout. (Id. at ¶¶ 18-19[1]) Byrne further alleges that upon terminating his employment, Gallagher instructed him to take a substantial number of insurance files and told him it was not enforcing the restrictive covenant provisions of the Employment Agreement. (Id. at ¶ 21)

---

[1] Following paragraph 14 on page 3 of the Complaint, the paragraphs are incorrectly numbered. The Court refers to the second paragraph numbered 18 as paragraph 19.

Byrne brings this action for breach of contract and declaratory judgment arising out of his alleged wrongful termination. Gallagher moves to stay this lawsuit based on Section 4(v) of the Purchase Agreement, which provides that "no civil action with respect to any Earnout Non-Calculation Dispute … may be commenced until the matter has been submitted to JAMS for mediation." (Doc. No. 7-1 at 8)

**Discussion**

In support of its motion to stay, Gallagher argues that Byrne is seeking remedies arising from a contractual dispute without first satisfying the condition precedent required by that contract, namely, mediation. Gallagher asserts that the Court should stay this matter while the parties mediate Byrne's claim of entitlement to the Earnout. Gallagher also seeks its attorneys' fees and costs incurred in filing its motion. (Doc. No. 7 at 3-5)

Byrne responds that because this action is based on the Employment Agreement and not the Purchase Agreement, Gallagher's position that the dispute resolution procedures of the Purchase Agreement should control is without merit; the two agreements are separate and distinct. He argues his claim to the Earnout arises out of the Employment Agreement providing for salary and additional compensation, which he alleges cannot be fully earned as a result of Gallagher's actions. (Doc. No. 9 at 3-4) Byrne further argues that mediation of a limited component of his damages claim is not efficient where his entitlement to damages must first be resolved and not a sufficient basis to stay the entire action. (Id. at 5)

The Purchase Agreement contemplates two categories of disputes regarding the Earnout: (1) disputes relating to Gallagher's accounting methods and procedures used in calculating the Earnout ("Earnout Calculation Disputes"); and (2) disputes relating to a matter regarding the Earnout that does not qualify as an Earnout Calculation Dispute ("Earnout Non-Calculation

3

Disputes"). (Doc. No. 7-1 at § 4(b)(ii)) Earnout Calculation Disputes must be submitted to KPMG, LLP, an accounting firm, for resolution; Earnout Non-Calculation Disputes "shall be mediated in accordance with subsection (v)." Id. There is no specific definition of the term "Earnout Non-Calculation Disputes" in the Purchase Agreement.

The interpretation of a contract is a question of law. "The cardinal principle" of contract interpretation is "to ascertain the intention of the parties and to give effect to that intent." Monarch Fire Protection District of St. Louis County, Missouri v. Freedom Consulting & Auditing Services, Inc., 644 F.3d 633, 638 (8th Cir. 2011). See also, Shaw Hofstra & Associates v. Ladco Development, Inc., 673 F.3d 819, 826 (8th Cir. 2012). If a contract is unambiguous, the "intent of the parties will be gathered solely from the terms of the contract." Adbar Co., L.C. v. PCAA Missouri, LLC, 2008 WL 68858, at *4 (E.D. Mo. Jan. 4, 2008) (quoting State ex rel. Vincent v. Schneider, 194 S.W.3d 853, 860 (Mo.2006)). When there is uncertainty or ambiguity in a contract, the contract is construed against the drafter. Marion v. Hazelwood Farms Bakeries, Inc., 969 F.Supp. 540, 543 (E.D.Mo. 1997) (internal citations omitted). Here, the lack of a specific definition of the term "Earnout Non-Calculation Disputes" at best creates an ambiguity which must be construed against Gallagher as the drafter.

After careful consideration, the Court finds Gallagher's argument that this action is subject to mandatory pre-suit mediation pursuant to the Purchase Agreement unavailing. Although Byrne asserts a claim for payment of the Earnout, that portion of the claim is tangential to the instant lawsuit. The issue raised herein concerns whether Gallagher breached the Employment Agreement by terminating Byrne's employment without cause and failing to pay him the amounts due under Section 3 of the Employment Agreement. While a damages award in the form of salary and additional compensation could indirectly affect Gallagher's earnings,

4

thereby impacting the Earnout calculation, that is not what this action is about. Moreover, Byrne does not dispute Gallagher's Earnout calculation. (Doc. No. 9 at 4)

Even if terminated for cause, Byrne's entitlement to any compensation or payments due under the Purchase Agreement or Addendum I to the Purchase Agreement is not affected. (Doc. No. 9-1, Section 5 C) ("It is understood and agreed that upon termination of Employee's employment with the Company when such termination is for cause as provided above, Employee's entitlement to further compensation and benefits shall cease immediately, *provided such termination for cause shall not effect any compensation or payments due to the Seller or Employee under the Purchase Agreement or Addendum I thereto.*"). (Emphasis added.).

Finally, Section 4(vi) of the Purchase Agreement specifically limits the parties involved in any Earnout Calculation Dispute or Earnout Non-Calculation Dispute to Gallagher and Subsidiary on the one hand and Byrne and his partner on the other hand. (Doc. No. 7-1 at 8) This language suggests the parties were clearly not contemplating other types of litigation, such as an employment dispute, at the time of the asset purchase. Otherwise, the Agreement would not have so limited the parties involved.

In sum, the Employment Agreement and the Purchase Agreement, while related, are separate agreements with separate duties and obligations and, therefore, separate remedies. For these reasons, Gallagher's motion to stay these proceedings pending mediation and for its attorney's fees and costs incurred in bringing the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay [6] is **DENIED**.

**IT IS FURTHER ORDERED** that a Rule 16 conference will be set by separate order.

Dated this 12th day of May, 2015.

                                                            _____
                                                            **JOHN A. ROSS**
                                                            **UNITED STATES DISTRICT JUDGE**